Santos, Demandante y Apelante, *v.* West Porto Rico Sugar Company et al., Demandadas y Apeladas.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre rescisión de contrato e indemnización.

No. 2357.—Resuelto en noviembre 30, 1920.

Desestimación de Apelación—Prórroga—Jurisdicción.—Procede desestimar el recurso en un caso en que la corte, un mes y trece días después de radicado el escrito de apelación, concedió prórroga al apelante para presentar la exposición del caso. Tal prórroga es nula, y no constituye defensa para el apelante el hecho de que el apelado no hubiera levantado la cuestión jurisdiccional ante la corte de distrito para oponerse a la concesión de la prórroga.

Id.—Término para Presentar la Exposición del Caso.—El término de 10 días que concede el Código de Enjuiciamiento Civil al apelante para presentar la exposición del caso no puede considerarse automáticamente extendido por el hecho de que a instancia del apelante se hubiera hecho por medio de edictos la notificación de la apelación a una de las demandadas.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. A. Nazario Lugo.*

Abogado de las apeladas: *Sr. J. B. García Méndez.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La apelada solicita la desestimación del recurso porque alega que las prórrogas del término para radicar la exposición del caso eran nulas y por tanto legalmente no existe tal exposición del caso y la transcripción no fué radicada en esta corte dentro de los treinta días exigidos por la ley.

Sostiene el apelante que la apelación no debe ser desestimada porque jamás fué notificado con copia de la certificación del secretario de la Corte de Distrito de Mayagüez que la apelada acompañó a su moción. Admitido este hecho y aunque la omisión en notificar esta copia confiere al apelante el privilegio de una prórroga del término u otro remedio en esta corte, no impedirá por si la desestimación. El apelante fué suficientemente notificado de que existía esta copia y no solicitó remedio o prórroga alguno.

El apelante sostiene que en la fecha en que fué presentada la moción el término que tenía para radicar la exposición del caso había sido prorrogado por la Corte de Distrito de Mayagüez. La apelada contesta que tanto ésta como las anteriores prórrogas se concedieron cuando aquella corte carecía de jurisdicción para concederlas, puesto que al hacerse la primera solicitud ya había vencido el término para radicar la exposición del caso. El caso en verdad, está comprendido primeramente en el principio enunciado en el de *Belaval* v. *Córdova,* 21 D. P. R. 537, y ese caso necesariamente también constituye autoridad en oposición a la alegación del apelante de que el apelado no puede solicitar en este tribunal la desestimación del recurso sin haber acudido primero a la corte de distrito. La falta de jurisdicción para prorrogar el término aparece claramente.

· Ni tampoco beneficia al apelante el que hubiera otra parte apelada y que a instancia del demandante-apelante y por no residir en el distrito fuera notificada por edictos. Pero esta

apelada era en realidad verdadera parte demandante a quien se constituyó en demandada y que no tuvo intervención alguna en el juicio. Esta demandada solamente sería quien podría quejarse de la falta de notificación de la apelación y no el apelante que nominalmente es parte contraria a ella.

La apelación debe ser desestimada.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.